## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JUANITA LAMB, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 10-1038-GMS |
| | ) | |
| WENDI LUCAS CAPLE, Warden, | ) | |
| and ATTORNEY GENERAL OF | ) | |
| THE STATE OF DELAWARE, | ) | |
| | ) | |
| Respondents. | ) | |

Juanita Lamb. *Pro se* petitioner.

Elizabeth R. McFarlan, Delaware Department of Justice, Wilmington, Delaware.  Counsel for respondents.

## MEMORANDUM OPINION

_Nov 14_, 2013
Wilmington, Delaware



Sleet, Chief Judge

Pending before the court is a petition for a writ of habeas corpus pursuant to 28 U.S.C.

§ 2254 filed by petitioner Juanita Lamb ("Lamb"). (D.I. 1) Lamb was confined in the Delores J.

Baylor Women's Correctional Institution in New Castle, Delaware when she filed her petition.

For the reasons discussed, the court will deny the petition.

## I. FACTUAL AND PROCEDURAL BACKGROUND

As set forth by the Delaware Superior Court in its decision denying her Rule 61 post-

conviction proceeding, Lamb's arrest and conviction stemmed from

> her scam in which she would target elderly women in an effort to scam money
> from them. The three victims in this case, Janet Johnson, Anne Krier, and Agnes
> Brown, ages 72, 87, and 76, respectively, were all elderly women. Each victim
> was alone at the time she was approached by [Lamb]. All three victims were
> approached by a well-spoken, professionally well-dressed woman as was
> entering or exiting her automobile. All three victims were approached in a
> parking lot of a shopping center. [Lamb] approached each of the victims with a
> wallet or some type of bag containing money. Each time [Lamb] claimed to have
> just found the money, suggested that she and the victim count the money together,
> try to determine who the money belonged to, and attempt to return it, implying
> that there may also be something in it for them. If the scam was able to progress,
> as it did in two of the incidents, [Lamb] called a male conspirator on a cell phone
> that assisted in furthering the execution of the scam.

*State v. Lamb*, 2010 WL 3103393, at *1 (Del. Super. Ct. May 18, 2010).

Lamb was indicted and charged with two counts of felony theft, four counts of attempted

felony theft, and four counts of second degree conspiracy. (D.I. 12 at 1) In August 2008, a

Delaware Superior Court jury convicted Lamb of felony theft, two counts of attempted felony

theft, and two counts of second degree conspiracy. *Id.* at 2. The Superior Court sentenced Lamb

to an aggregate of eleven years of incarceration, suspended after fifty-four months for a period of

probation. *Id.* The Delaware Supreme Court affirmed Lamb's convictions and sentence on

direct appeal. *See Lamb v. State*, 970 A.2d 257 (Table), 2009 WL 685166 (Del. Mar. 17, 2009).

In February 2009, while her direct appeal was still pending, Lamb filed a *pro se* motion for post-conviction relief under Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). (D.I. 12 at 2) The Superior Court held the Rule 61 motion in abeyance until June 12, 2009. In July 2009, represented by counsel, Lamb filed a successor Rule 61 motion. *Id.* The Superior Court denied Lamb's Rule 61 motion on August 31, 2010, *see Lamb*, 2010 WL 3103393, at *15, and she did not appeal that decision.

## II. GOVERNING LEGAL PRINCIPLES

### A. The Antiterrorism and Effective Death Penalty Act of 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "to reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism." *Woodford v. Garceau*, 538 U.S. 202, 206 (2003). Pursuant to AEDPA, a federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). AEDPA imposes procedural requirements and standards for analyzing the merits of a habeas petition in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

### B. Exhaustion and Procedural Default

Absent exceptional circumstances, a federal court cannot grant habeas relief unless the petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-44 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). AEDPA states, in pertinent part:

2

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(i) there is an absence of available State corrective process; or
   (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The exhaustion requirement is based on principles of comity, requiring a petitioner to give "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 844-45; *Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000). A petitioner satisfies the exhaustion requirement by demonstrating that the habeas claims were "fairly presented" to the state's highest court, either on direct appeal or in a post-conviction proceeding, in a procedural manner permitting the court to consider the claims on their merits. *Bell v. Cone*, 543 U.S. 447, 451 n.3 (2005); *Castille v. Peoples,* 489 U.S. 346, 351 (1989).

A petitioner's failure to exhaust state remedies will be excused if state procedural rules preclude him from seeking further relief in state courts. *Lines v. Larkins,* 208 F.3d 153, 160 (3d Cir. 2000); *see Teague v. Lane,* 489 U.S. 288, 297-98 (1989). Although treated as technically exhausted, such claims are nonetheless procedurally defaulted. *Lines,* 208 F.3d at 160; *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). Similarly, if a petitioner presents a habeas claim to the state's highest court, but that court "clearly and expressly" refuses to review the merits of the claim due to an independent and adequate state procedural rule, the claim is exhausted but procedurally defaulted. *See Coleman*, 501 U.S. at 750*; Harris v. Reed*, 489 U.S. 255, 260-64 (1989).

3

Federal courts may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims. *McCandless v. Vaughn,* 172 F.3d 255, 260 (3d Cir. 1999); *Coleman,* 501 U.S. at 750-51. To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, a petitioner must show "that [the errors at trial] worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494.

Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000); *Wenger v. Frank,* 266 F.3d 218, 224 (3d Cir. 2001). A petitioner demonstrates a miscarriage of justice by showing a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 496. Actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). In order to establish actual innocence, the petitioner must present new reliable evidence – not presented at trial – that demonstrates "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 537-38 (2005); *Sweger v. Chesney,* 294 F.3d 506, 522-24 (3d Cir. 2002).

4

## III.    DISCUSSION

In her petition, Lamb asserts that her trial attorney rendered ineffective assistance by failing to: (1) move to suppress any identification testimony from her victims; (2) move for judgment of acquittal on three of the charges against her; (3) preserve for appellate review a claim that there was insufficient evidence to support her conviction; (4) move to sever the charges against her; (5) object to unspecified jury instructions; and (6) request unspecified jury instructions. Lamb raised these same arguments in her Rule 61 motion, which the Superior Court denied, and she did not appeal that decision to the Delaware Supreme Court. As a result, all of the claims in the instant petition are unexhausted.

At this juncture, Delaware Superior Court Criminal Rules 61(i)(1), (2) and (4) would bar Lamb from presenting these arguments to the Delaware state courts in a new Rule 61 motion. *See* Del. Super. Ct. Crim. R. 61(i)(1)(Rule 61 motions must filed within one year after the prisoner's judgment of conviction becomes final); *Lawrie v. Snyder*, 9 F. Supp. 2d 428, 453 (D. Del. 1998)(Rule 61(i)(2) bars any ground for relief that was not asserted in a prior proceeding); *White v. Carroll*, 416 F. Supp. 2d 270, 281 (D. Del. 2006)(Rule 61(i)(4) bars any ground raised in a prior Rule 61 motion that was denied by the Superior Court). Consequently, Lamb's ineffective assistance of counsel arguments are procedurally defaulted, and the court cannot review their merits absent a showing of cause and prejudice, or that Lamb is actually innocent.

Lamb does not assert, and the court cannot discern, any reason for her failure to present these arguments to the Delaware Supreme Court on post-conviction appeal. In the absence of cause, the court will not address the issue of prejudice. Lamb's default also cannot be excused under the miscarriage of justice exception to the procedural default doctrine, because she has failed to provide this court with new reliable evidence of her actual innocence. Given these

5

circumstances, the court will deny the petition in its entirety because all the claims contained therein are procedurally barred.

## IV.   CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011).  A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling.  *Id.*

The court has concluded that Lamb's petition fails to warrant federal habeas relief, and is persuaded that reasonable jurists would not find this conclusion to be debatable.  Therefore, the court will not issue a certificate of appealability.

## V.   CONCLUSION

For the reasons stated, Lamb's petition for habeas relief pursuant to 28 U.S.C. § 2254 is denied without an evidentiary hearing or the issuance of a certificate of appealability.  An appropriate order shall issue.